**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CORY O. BLACK, | : | Case No. 3:18-cv-00123 |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| MONTGOMERY COUNTY COMMON | : | |
| PLEAS COURT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## REPORT AND RECOMMENDATIONS[1]

---

Plaintiff Cory O. Black is an inmate at the Southern Ohio Correctional

Facility (SOCF) in Lucasville, Ohio.  He seeks in this case to recover money

damages related to his allegedly wrongful conviction and incarceration.  The

Defendants he names are Montgomery County Common Pleas Court, Dayton

Police Department, County Jail, Sheriff's Office, Ohio Department of

Rehabilitation and Corrections, and the Ohio Bureau of Sentence Computation.

Plaintiff asserts that he has been wrongfully imprisoned for ten years due to

"discrimination and incrimination" and seeks monetary damages to the tune of

over $500,000,000.00.  *Id*. at 51.  He alleges that he was arrested and detained even

though the Dayton Police Department and the Sheriff's Office knew he was

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

defending himself against almost being shot by and attacked with a Maglite flashlight by a Caucasian guy. (Doc. #4, *PageID* #s 50-51). The public record of Plaintiff's habeas-corpus case, which is currently pending in this Court, indicates that he pleaded no contact to charges pending against him in the Montgomery County Court of Common Pleas. *See Cory O. Black v. Warden, Southern Ohio Corr. Facility*, No. 3:17cv407 (Doc. #8) (and citations therein). This apparently left him with four convictions: "felonious assault, discharging a firearm at or near prohibited premises, having weapons under a disability, and tampering with evidence." *Id.*, *PageID* #45.

Returning to the present case, the Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. When a plaintiff is permitted to proceed *in forma pauperis*, there is no financial check to discourage frivolous, malicious, or repetitive filings. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Consequently, § 1915 and § 1915A authorize this Court to review Plaintiff's Complaint to determine whether its dismissal is warranted because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v.*

2

*Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Accepting Plaintiff's factual allegations as true and liberally construing his *pro se* Complaint in his favor*, see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), he seeks to hold Defendants liable under 42 U.S.C. § 1983 for violations of his constitutional rights. Yet, Plaintiff's Complaint advances claims against several Defendants—namely, Montgomery County Common Pleas Court, Dayton Police Department, county jail, and Sheriff's Office—that are not entities capable of being sued. Each of these Defendants is *sui juris* or, in other words, each is an entity incapable of suing or being sued. *See McGuire v. Ameritech Services, Inc.*, 253 F.Supp.2d 988, 1015 (S.D. Ohio 2003) (Rice, Chief D.J.) (counties are *sui juris*); *see also Evans v. Cordray*, No. 2:09cv587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983."); *Gibson v. Mechanicsburg*

*Police Dep't*, No. 3:16cv48, 2017 WL 2418317, at *5 (S.D. Ohio 2017) (Rice,

D.J.) (Mechanicsburg police department not *sui juris*); *Cunningham v. Pierce*, No.

3:13cv213, 2013 WL 4832800, at *3 (S.D. Ohio 2013) (county jail is not *sui juris*);

*Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) ("Sheriff's Office is

not a proper legal entity, and, therefore, is not subject to suit or liability under 42

U.S.C. § 1983.") (Spiegel, D.J.). As a consequence, Plaintiff's claims against these

entities fail as a matter of law.

Plaintiff's Complaint also runs headlong into the Eleventh Amendment

because he seeks for money damages against the Ohio Department of

Rehabilitation and Corrections, and the Ohio Bureau of Sentence Computation.

*See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment bars

such monetary claims. *See id.*

Plaintiff's Complaint has another fatal flaw as it relates to his convictions.

"Claims that ordinarily fall within the scope of § 1983 are unavailable to prisoners

if they "necessarily imply the invalidity of [a] ... conviction or sentence." *Hill v.*

*Snyder*, 878 F.3d 193, 207 (6th Cir. 2017) (quoting, in part, *Heck v. Humphrey*,

512 U.S. 477, 478 (1994)). "The word 'necessarily' must not be ignored—if

invalidation of a conviction or speedier release would not automatically flow from

success on the § 1983 claim, then the *Heck* doctrine is inapplicable." *Id.*

Plaintiff's claims for damages mainly contest his innocence or the wrongful nature

of his prosecution and criminal convictions. If Plaintiff were to succeed on these §

1983 claims, his convictions would, by necessity, be automatically invalid and his

relief from incarceration would follow. His claims are therefore not cognizable in

a § 1983 action. *See id.* Additionally, Plaintiff's claims under § 1983 are barred

by the applicable two-year statute of limitations given that the events he describes

occurred well over two years ago. *See Trzebuckowski v. City of Cleveland*, 319

F.3d 853, 856 (6th Cir. 2003); *see also Cory O. Black v. Warden,* No. 3:17cv407

(S.D. Ohio) (Doc. #s 8, 11) (Merz, M.J.) Report & Recommendations (concluding

that Black's conviction became final on July 30, 2009 and that his habeas-corpus

petition is barred by a one-year statute of limitations).

Plaintiff's Complaint raises a single exception to this because he alleges that

the conditions of his confinement at SOCF violate his constitutional rights. He

states, in part, that staff members at SOCF have assaulted him and have given him

medications to induce seizures, acne, facial scabbing, and memory loss." (Doc. #4,

*PageID* # 50). He has also been placed in "disgusting cells sometimes, [sic] cruel

and unusual punishment & maced…." *Id*. at 51. *Heck v. Humphrey* does not bar

such claims. *See Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir. 2008). Assuming

that Plaintiff seeks to impose § 1983 liability on the Warden of SOCF or some

other governmental official (city, county, or state), such individuals "may not be

held liable for the unconstitutional conduct of their subordinates under a theory of

respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's claims, moreover, that he was subjected to cruel and unusual punishment and was sometimes placed in disgusting cells, are conclusory and therefore fail to raise plausible claims for relief. *See Iqbal*, 556 U.S. at 678. Lastly, § 1983 claims challenging the conditions of confinement at SOCF are properly venued in the Southern District of Ohio, Western Division at Cincinnati. *See* S.D. Ohio Civ. R. 82.1(b).

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be dismissed; and

2. The case be terminated on the Court's docket.

June 4, 2018                *s/Sharon L. Ovington*
                                    Sharon L. Ovington
                                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **SEVENTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **SEVENTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).